UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BALL CORPORATION, an Indiana Corporation and FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Corporation, as subrogee, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 4:16-cv-42 |
| AIR TECH OF MICHIGAN, INC., a Michigan corporation, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Extension of Time to Submit Rule 26(a)(2) Report [DE 16], the Amended Motion for Enlargement of Time to Submit Rule 26(a)(2) Report [DE 20] filed by the plaintiffs, Ball Corporation and Factory Mutual Insurance Company, as subrogee, on May 30, 2017 and June 5, 2017, respectively, and the Motion to Set Aside Defendant's Deadline to Depose Plaintiff's Rule 26(a)(2)(B) Witnesses [DE 23] filed by the defendant, Air Tech of Michigan, Inc., on June 15, 2017. For the following reasons, the Motion for Extension of Time to Submit Rule 26(a)(2) Report [DE 16] is **DENIED as MOOT**, the Amended Motion for Enlargement of Time to Submit Rule 26(a)(2) Report [DE 20] is **GRANTED**, and the Motion to Set Aside Defendant's Deadline to Depose Plaintiff's Rule 26(a)(2)(B) Witnesses [DE 23] is **GRANTED.**

*Background*

This matter arose from a fire that occurred at a can manufacturing plant owned by the plaintiff, Ball Corporation, and that was insured by the plaintiff, Factory Mutual Insurance

Company. The plaintiffs have alleged that the defendant, Air Tech, who was hired as an independent contractor to clean ovens and other fixtures, caused the fire and thus is liable for the damages sustained to the plant and consequential damages relating to business interruption losses.

The parties attended the Rule 16 Preliminary Pretrial Conference on September 30, 2016. The Report of the Parties' Planning Meeting was approved, and the following deadlines were set: both parties to comply with Rule 26(a)(2)(C) by April 28, 2017; plaintiffs' expert witness disclosures and reports to be delivered by May 29, 2017; depositions of plaintiffs' Rule 26(a)(2)(B) witnesses by June 30, 2017; defendant's expert witness disclosures and reports to be delivered by July 31, 2017; and all discovery to be completed by December 29, 2017.

On May 30, 2017, the plaintiffs filed the Motion for Extension of Time to Submit Rule 26(a)(2) Report [DE 16] requesting a 60 day extension to submit the expert report of Scott Howell.[1] On June 5, 2017, the defendant filed a Response in Opposition [DE 18]. The plaintiffs subsequently filed the Amended Motion for Enlargement of Time to Submit Rule 26(a)(2) Report [DE 20], which reduced the requested extension from 60 days to 14 days.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure Rule 26(a)(2)(A)** parties must disclose the identity of any witness who may present evidence under Federal Rule of Evidence 702, 703, or 705. Rule 26(a)(2) splits expert witnesses into two categories: retained or specially employed expert witnesses and other expert witnesses. **Federal Rule of Civil Procedure 26(a)(2)(B) and (C).** A retained or specially employed expert witness must provide a written report prepared and

---

[1] The plaintiffs' deadline to submit expert witness disclosures and reports was May 29, 2017 (Memorial Day), a legal holiday. Therefore, the period runs until the end of the next regular business day. **Federal Rule of Civil Procedure 6(a).**

2

signed by the witness.  **Federal Rule of Civil Procedure 26(a)(2)(B)**; *see Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) ("[O]nly those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756–57 (7th Cir. 2004)).  Unless otherwise stipulated or ordered by the court, if a witness is not required to provide a written report, the party's disclosure must state the subject matter of the witness' expected testimony and a summary of the facts and opinions the witness is expected to testify.  **Federal Rule of Civil Procedure 26(a)(2)(C).**  Additionally, Rule 26 requires a party to supplement any disclosures in a timely manner if the party learns the disclosure is incomplete or incorrect in a material respect and if the additional or corrective information has not otherwise been disclosed to the other parties.  **Federal Rule of Civil Procedure 26(e)(1)(A).**

The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response.  *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser*, 356 F.3d at 757–58.  The consequence of non-compliance with Rule 26(a)(2)(B) is "exclusion of an expert's testimony . . . 'unless the failure was substantially justified or is harmless.'"  *Meyers*, 619 F.3d at 734 (citing *Gicla v. United States*, 572 F.3d 407, 410 (7th Cir. 2009) (quoting **Federal Rule of Civil Procedure 37(c)(1)**)).

The plaintiffs designated Peter Hagen and Scott Howell as expert witnesses.  On May 30, 2017, Hagen's expert report was timely produced.  The plaintiffs have requested additional time to submit Howell's expert report because no fact depositions have been taken.  The plaintiffs indicated that for Howell to formulate his opinion on the cause and origin of the fire he needed additional time to review testimony from witnesses and defendant's employees who serviced the

3

oven immediately prior to the fire.  After a conversation with defendant's counsel, in an effort to address counsel's concerns regarding plaintiffs' request for a 60 day extension, the plaintiffs amended the request to 14 days.

The defendant has argued that the plaintiffs have not established good cause to extend the expert report disclosure deadline.  The defendant indicated that the plaintiffs received written discovery on February 16, 2017, which identified the employees who may have relevant knowledge.  Therefore, the defendant contends that the plaintiffs had time to complete the requested depositions prior to the May 30, 2017, expert disclosure deadline.

The court has discretion to determine the appropriate sanction for the failure to disclose or supplement an expert report.  *See* **Metavante Corp. v. Emigrant Sav. Bank**, 619 F.3d 748, 763 (7th Cir. 2010).  "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."  **Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,** 170 F.3d 985, 993 (10th Cir.1999); **David v. Caterpillar, Inc.,** 324 F.3d 851, 857 (7th Cir. 2003).  A district court's discretion under Rules 26(a) and 37(c)(1) is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." **David v. Caterpillar, Inc.**, 324 F.3d 851, 857 (7th Cir. 2003) (internal citations omitted).

The plaintiffs have indicated that during the briefing of the plaintiffs' motion and the amended motion, Howell was provided documents that were produced recently during discovery and information from other available witnesses.  Howell has reviewed the additional information and completed his Rule 26(a)(2) report.  The court finds that the additional time given to the plaintiffs to submit Howell's expert report was harmless and the defendant was not prejudiced by

the delay in a way that cannot be repaired.

The defendant has indicated that the plaintiffs in addition to their Rule 26(a)(2)(B) disclosures also provided Rule 26(a)(2)(C) disclosures. The defendant has argued that the Rule 26(a)(2)(C) disclosures were untimely. The deadline to disclose Rule 26(a)(2)(C) expert witnesses, per the parties approved Report, was April 28, 2017. The plaintiffs contend that the Rule 26(a)(2)(C) witnesses were disclosed in the initial Rule 26(a)(1) disclosures and in response to defendant's Interrogatories on April 14, 2017.

The plaintiffs have confused Rule 26(a)(1) and 26(a)(2) because disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts. *Musser,* 356 F.3d at 757. Under **Rule 26(a)(2)(A),** "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." In addition, under **Rule 26(a)(2)(C),** for non-retained experts the party also must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." The Federal Rules of Civil Procedure demand the formal designation of expert witnesses. This includes a list of names of persons already known to the defendant through prior discovery if the designation "expert witness" has been added. *Musser,* 356 F.3d at 757.

However, the defendant has not indicated that it has or may suffer prejudice from the plaintiffs' failure to identify the witnesses as experts. The plaintiffs disclosed the witnesses in response to defendant's Interrogatories and, as indicated by the defendant, provided the Rule 26(a)(2)(C) disclosures with their Rule 26(a)(2)(B) disclosures. Given the current posture of the matter, the court will not bar the plaintiffs' Rule 26(a)(2)(C) expert witnesses from offering

expert testimony.

Based on the foregoing, the Motion for Extension of Time to Submit Rule 26(a)(2) Report [DE 16] is **DENIED as MOOT,** the Amended Motion for Enlargement of Time to Submit Rule 26(a)(2) Report [DE 20] is **GRANTED,** and the Motion to Set Aside Defendant's Deadline to Depose Plaintiff's Rule 26(a)(2)(B) Witnesses [DE 23] is **GRANTED.** The plaintiffs must disclose Howell's expert report to the defendant, *instanter.* The defendant's deadline to submit expert witness disclosures and reports is **EXTENDED** to August 21, 2017, and the deadline to depose plaintiffs' Rule 26(a)(2)(B) witnesses is **EXTENDED** to July 28, 2017.

ENTERED this 28th day of June, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge