IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

BALL CORPORATION, AN INDIANA )
CORPORATION AND FACTORY MUTUAL )
INSURANCE COMPANY, A RHODE )
ISLAND CORPORATION, AS SUBROGEE, )
    Plaintiff, )
     )
    v. ) CAUSE NO. 4:16-CV-00042-RL-APR
     )
AIR TECH OF MICHIGAN, INC., )
A MICHIGAN CORPORATION, )
    Defendant. )

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Comes now, Defendant, Air Tech of Michigan, Inc., A Michigan Corporation ("Air Tech"), by counsel, Starr Austen & Miller, LLP ("counsel"), and pursuant to Rule 37(A) of the Federal Rules of Civil Procedure files its Motion to Compel Discovery, and states as follows:

    1.    On January 30, 2017, Air Tech served upon Plaintiffs, Ball Corporation ("Ball") and Factory Mutual Insurance Company ("FMIC"), *Defendant's First Set of Interrogatories and Request for Production of Documents* ("discovery"), to which Ball and FMIC responded on June 6, 2017 with a privilege log and on June 12, 2017 with their responses.

2. On June 19, 2017, counsel sent Plaintiffs a letter pursuant to the requirements of Federal Rule of Civil Procedure 37(A)(1) in an effort to informally resolve a pending discovery dispute concerning Fed. R. Civ. P. 34(b)(2)(E)(i). (*See*, Exhibit 1).

3. On June 21, 2017, Plaintiffs responded to counsel's letter by email, stating its disagreements with counsel's requests to supplement each of its discovery responses identified in counsel's June 19 letter. (*See*, Exhibit 2).

## I. Averments relating to Plaintiffs' insufficient responses and improper objections to Defendant's discovery requests.

4. Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

5. On June 12, 2017, Plaintiffs produced a CD Rom containing two folders: one marked as "FMIC"; and, the second marked "Ball." The "FMIC" folder contained Bate stamped pages numbered 1 through 1784; and, the "Ball" folder contained Bate stamped pages numbered 131-1319. In neither of these two files are the documents organized, labeled, or identified in anyway, nor were the documents produced in any apparent order. Further, the documents produced by Plaintiffs in no way indicate which documents are responsive to which request.

6. Parties may not simply dump disorganized documents on their opponents in an effort to evade their discovery obligations. *See*, *C & N Corp. d/b/a Door Peninsula Winery v. Kane and Ill. River Winery, Inc.,* 2013 WL 14366 * 4 (E.D. Wis. 2013). Seventh

Circuit case law makes it clear that a district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders. *See*, *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992).

7. Plaintiffs' discovery responses as a whole are insufficient to the extent that the documents are not labeled in an organized fashion correlated to the specific discovery requests. At a minimum, the Court should order Plaintiff to provide an identification of which documents (by Bates No.) are responsive to which of Defendant's Request for Production.

8. Furthermore, Ball Corporation's responses to Request numbers 7, 10, 11, 12, 13, 14, 15, 19, 31 are insufficient to the extent that the one year period that Ball Corporation limits itself for producing responsive documents does not conform to Defendant's requests. Defendant has requested any documents and communications relating to the service, examination, inspection, repair, maintenance, testing, alteration, modification, and <u>prior damage</u> to Internal Bake Oven ("IBO") No. 2 in the ten (10) years preceding the fire alleged in Plaintiffs'' Complaint. There is absolutely no basis for Plaintiffs' contention that the time period for these requests is irrelevant or overbroad, and, Plaintiffs' unilateral re-drafting of Defendant's Request for Production is improper. For example, the scope of discovery does not require that evidence be admissible at trial. *Del Real v. Lacosta, Inc.,* 2014 WL 6810089 * 3 (N. D. Ind. 2014). Rather, parties may obtain discovery relevant to either party's claim or defense. *Id.* Relevancy includes information that itself may not be admissible, provided that discovery appears

3

reasonably calculated to lead to the discovery of admissible evidence. *Id.*; Fed R. Civ. 26(b)(1). Defendant submits the same argument in response to Ball Corporation's objections to Interrogatory numbers 4, 8, 9, 10, 11, and 17.

    9.    These requests are relevant to Defendant's defense and seek information that is reasonably calculated to lead to the discovery of admissible evidence. Defendants know from Monticello Fire Department records that Ball Corporation had previous fires in the ductwork of IBO No. 2. Information about those fires is, therefore, relevant to whether the ductwork was being appropriately cleaned and maintained by Ball. There is no way for Defendant to gauge Ball's historical maintenance of the ductwork by simply looking at documents dating back only one year prior to the fire alleged in the Complaint. The discovery rules do not allow for Plaintiffs to unilaterally limit the scope of discovery without any factual argument in support. "Provided the discovery sought appears facially relevant, the party resisting discovery carries the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the scope of relevance as defined by the Federal Rules or the likelihood of discovering relevant evidence is so minimal that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Vajner v. City of Lake Station, In.*, 2010 WL 4193030 * 2 (N.D. Ind. 2010). Plaintiffs must demonstrate with specificity that the request is improper by establishing specific facts or reasons which show the discovery sought falls outside the minimal relevancy standard of the Federal Rules. *Id*. Given the possibility that the ductwork of IBO No. 2 was not properly cleaned, maintained or repaired over the ten years preceding the

alleged fire, Plaintiffs are unable to demonstrate that Defendant's requests are not relevant to Defendant's defense.

10. The same is true with respect to Ball Corporation's response to Request number 32, which states it has no documents relating to any retrofitting performed on IBO No. 2 for the three year period prior to the incident alleged in the Complaint. Again, the three year period in which Ball Corporation limits itself is not sufficient. If IBO No. 2 was ever retrofitted, even beyond the ten years preceding the alleged fire, information about that retrofitting would be important to whether the IBO was properly designed and installed. Further, if the IBO was not designed for aluminum cans, any retrofitting is highly relevant to this matter. Plaintiff cannot unilaterally limit the scope of a facially relevant discovery request that which may lead to disclosure of admissible proof. *See*, *Graham v. Casey's General Store*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

11. Moreover, Ball Corporation's response to Request number 22 is insufficient to the extent that it limits itself to only producing a copy of the FMIC policy that provided coverage for the incident alleged in the Complaint. Request Number 22 seeks <u>any and all documents relating to any</u> policy of property insurance that Ball had on the following dates: January 25, 2014; January 17, 2014; November 19, 2013; July 11, 2013; April 3, 2013; October 9, 2011; March 25, 2010; December 11, 2005; and, July 21, 2005. Providing only a copy of the insurance policy that provided coverage for the alleged incident does not remotely conform to Defendant's request. Documents relating to the policies in effect on the given dates are relevant because, if there were fires at Ball

5

Corporation on the specified dates, and claims were submitted to insurance, information regarding those claims may be relevant to the cause of the fire and resulting damages alleged in the Complaint. Again, Plaintiffs cannot unilaterally limit the scope of a facially relevant discovery request which may lead to disclosure of admissible evidence. *Id.* Defendant submits the same argument in response to FMIC's objections to Request number 7 and Interrogatory number 2.

    12.    In addition, Ball Corporation's responses Interrogatory number 15 and Request number 20 are insufficient to the extent that they state that Ball Corporation has no document relating to the Monticello plant for the three year period prior to the incident alleged in the Complaint. Defendant has requested <u>any and all documents relating to any</u> lawsuits, administrative proceedings, complaints, or notices in which Ball Corporation alleged or asserted that a person or entity negligently rendered services, breached any contractual provision or warrant, or violated any administrative rule or regulation relating to any work or services the person or entities performed for Ball Corporation. First, the three year time period in which Ball limits itself for producing documents relating to any lawsuits does not conform to Defendant's request. Second, the request is not limited to just the Monticello plant. Such evidence may be admissible for a number of purposes, such as proof of plan, motive, pattern, or lack of accident, and therefore discoverable. *See*, *Mathis v. Phillips Chevrolet*, 269 F.3d 771, 775 (7th Cir. 2001).

6

13. Further, Ball Corporation's objection to Interrogatory number 19 and FMIC's objection to Request number 5 on the basis that the requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information is improper. Defendant has requested Ball to identify each fire - with an origin in an IBO furnace and/or any associated duct work - that has occurred at any manufacturing facility Ball has operated from May 23, 2004 to present, stating the date of each fire; the cause of each fire; the contributing factors of each fire; the losses Ball incurred from each fire; how Ball remedied its financial losses from each fire; identify the cause number of any resulting lawsuits; and, to what or to whom Ball attribute the cause of each fire. As described above, evidence of prior fires, their causes, and any resulting insurance claims or lawsuits is relevant information that must be disclosed. Information regarding past fires and insurance claims need not be admissible to be discoverable. Fed. R. Evid. 26(b)(1). It only need to appear reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Chavez v. Daimler Chrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002). If prior fires occurred – and Defendant knows that they did – which started or progressed in a similar manner, that information could lead to evidence such as chronic neglect of ductwork maintenance – admissible to show Ball Corporation's own negligence in this case (one of Defendant's asserted affirmative defenses) and for impeachment purposes.

14. Defendant also disagrees with FMIC's objections to Request number 4 and Interrogatory number 3 regarding the underwriting file pertaining to the risk assessment investigation of the Ball Corporation plant and the identity of the person

7

who performed the risk analysis as part of that underwriting process. Defendant knows that there were prior fires and FMIC's inspection and underwriting files are relevant to the pending litigation.

15.     Defendant requests an Order be entered compelling Plaintiffs to supplement their discovery responses consistent with Fed. R. Civ. P. 34(b)(2)(E)(i) and Fed R. Civ. 26.

## II.     Averments relating to the deficiencies of FMIC's privilege log.

16.     On July 24, 2017, counsel sent FMIC a letter pursuant to the requirements of Federal Rule of Civil Procedure 37(A)(1) in an effort to informally resolve the deficiencies of FMIC's privilege log. (*See*, Exhibit 3).

17.     On July 26, 2017, FMIC responded to counsel's letter, via e-mail, stating that its privilege log contains all of the information required by the federal rules. (*See*, Exhibit 4).

18.     Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that a privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." That description must include all of the following information: (1) the name and job title or capacity of the author(s)/originator(s); (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party; (3) a general description of the document by type (e.g., letter, memorandum, report); (4) the date of the document; and (5) a general description of the subject matter of the

document. *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 129 F.Supp.2d 1207, 1218-19 (S.D. Ind. 2001).

19. FMIC's privilege log is insufficient to the extent that a majority of the subject matter descriptions are cryptic and do not enable counsel to assess FMIC's privilege claim. For example, the description "Email with attachments A-B letter (FMIC 0001140)" in no way, shape or form allows for the determination of whether the documents described qualify as privileged. Counsel counts a total of nine other descriptions witch are similarly inadequate. Attached as Exhibit 5 is a copy of FMIC's privilege log. The subject matter descriptions marked with a red X are the descriptions that counsel submits need to be revised to conform to the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii) and the 7th Circuit concerning privilege logs.

20. Furthermore, FMIC's privilege log lists the documents by their "Bates Numbers," but does not identify which Request for Production each document is responsive to. This identification of documents is akin to the "dump trucking" of discovery responses which counsel addressed in its letter to FMIC on June 19, 2017.

21. Defendant requests an Order be entered compelling Plaintiffs to supplement their privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A)(ii).

WHEREFORE, Air Tech, by counsel, respectfully requests that the Court enter an Order compelling Plaintiffs to supplement their discovery responses and privilege log to conform to the requirements of Fed. R. Civ. P. 34 and Fed. R. Civ. P. 26; that Plaintiffs be ordered to pay Air Tech's attorney fees for the bringing and prosecuting of this Motion to Compel Discovery; and for all other just and proper relief.

    s/ Andrew B. Miller  
Andrew B. Miller  
Starr Austen & Miller, LLP  
201 South Third Street  
Logansport, IN  46947  
(574) 722-6676  
(574) 753-3299  
miller@starrausten.com  
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2017, a true and correct copy of the above and foregoing Defendant's Motion to Compel Discovery was served upon Mark N. Senak, Esq., Senak Keegan Gleason Smith & Michaud, Ltd., 621 South Plymouth Court, Suite 100, Chicago, IL  60605 by depositing the same in the United States Mail with sufficient first class postage affixed.

    s/ Andrew B. Miller  
Andrew B. Miller

100116.004/motion to compel