UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BALL CORPORATION, an Indiana Corporation and FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Corporation, as subrogee, <br><br> Plaintiffs, <br><br> v. <br><br> AIR TECH OF MICHIGAN, INC., a Michigan corporation, <br><br> Defendant. | Case No. 4:16-cv-42 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery [DE 38] filed by the defendant, Air Tech of Michigan, Inc., on October 16, 2017. For the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

This matter arose from a fire that occurred at a can manufacturing plant owned by the plaintiff, Ball Corporation, and was insured by the plaintiff, Factory Mutual Insurance Company. The defendant, Air Tech of Michigan, Inc., was hired by Ball as an independent contractor to clean Internal Bake Oven No. 2. The plaintiffs have alleged that on May 22, 2014, approximately eight hours after Air Tech cleaned IBO No. 2, a fire ignited in the ductwork of IBO No. 2. The plaintiffs have claimed that Air Tech breached its contract and that it was negligent by failing to clean IBO No. 2 properly.

Air Tech has indicated that on January 30, 2017, the plaintiffs were served with Defendant's First Set of Interrogatories and Request for Production of Documents. The plaintiffs

responded on June 6, 2017 with a privilege log and on June 12, 2017 with their responses. Air Tech has argued that the plaintiffs have provided insufficient responses and have made improper objections to the discovery requests, as well as FMIC's privilege log is deficient. The present dispute involves numerous requests for production of documents and interrogatories.

Air Tech, in the motion to compel, has requested that the plaintiffs supplement their discovery responses and FMIC's privilege log. The plaintiffs filed their response in opposition on November 17, 2017, and Air Tech filed its reply on December 8, 2017. Air Tech did not file a separate Local Rule 37.1 certification along with its motion to compel. However, it indicated in the motion to compel that pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for Air Tech sent a letter to the plaintiffs on June 19, 2017, in an effort to resolve the discovery dispute informally. However, plaintiffs' counsel disagreed with Air Tech's request that they supplement certain discovery responses.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL

1617085, at *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* ***Adams v. Target***, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing ***Kodish v. Oakbrook Terrace Fire Prot. Dist.***, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.***, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing ***Graham v. Casey's Gen. Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham***, 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking

3

function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see* **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

First, Air Tech has argued that the files produced by the plaintiffs were not organized, labeled, or identified nor were they produced in any apparent order. **Federal Rule of Civil Procedure 34(b)(2)(E)** provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." FMIC has indicated that it produced its complete claim file as it was maintained in the ordinary course of business. Ball has indicated that it supplemented its responses to Air Tech's production requests and that any shortcomings have been cured. In its reply, Air Tech did not argue that the production of the plaintiffs' discovery responses remained insufficient. Therefore, noting the lack of an objection, Air Tech's request for the plaintiffs to provide identification of which documents, by Bates Number, are responsive to the requests for production is **DENIED as MOOT.**

Next, Air Tech has requested any documents and communication relating to the service, examination, inspection, repair, maintenance, testing, alteration, modification, retrofitting, as well as any prior damage to IBO No. 2 in the ten years preceding the fire alleged in the plaintiffs' complaint. Ball contends that Air Tech's request for a ten year period is overbroad. Furthermore, Ball has argued that there is nothing that suggests that the parties' conduct from ten years ago either caused or contributed to the fire. Therefore, Ball has produced only documents

and information responsive to Air Tech's requests and interrogatories relating to IBO No. 2 for a one year period preceding the fire.

Air Tech disputes Ball's contention. Air Tech has indicated that a former Ball employee, who oversaw the maintenance of IBO No. 2, testified at his deposition that Ball would schedule oven cleanings once every six months and that the oven exhaust ductwork was cleaned once a year. Air Tech represents that the operating manual instructed that the oven required cleaning once a month and that a thorough cleaning of the oven's exhaust ductwork was to occur during oven cleanings. Air Tech has indicated that it is seeking to establish a pattern of neglect that may have caused or contributed to the fire. Further, Air Tech has claimed that according to Monticello Fire Department records previous fires were discovered in the ductwork of IBO No. 2. Therefore, Air Tech asserts that historical records relating to activity performed on IBO No. 2 are relevant.

The court finds that Air Tech's requests related to activity performed on IBO No. 2 ten years prior to the fire are relevant and that any burden of providing this information is outweighed by the value that the information can provide. Under **Federal Rule of Civil Procedure 26(b)(2),** the court must weigh the burden or expense of the proposed discovery and its likely benefit by taking into account "the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Given that the plaintiffs are alleging $12 million in losses, records dating back ten years are proportional to the needs of this case. Air Tech's requests for production of documents and interrogatories over a ten year period are **GRANTED.**

Next, Air Tech has requested that Ball produce its FMIC property insurance policies that were in effect on: January 25, 2014; January 17, 2014; November 19, 2013; July 11, 2013; April 3, 2013; October 9, 2011; March 25, 2010; December 11, 2005; and July 21, 2005, namely the investigative reports and claim information. In response, Ball has produced a copy of the FMIC policy that provided coverage for the incident alleged in the complaint.

Air Tech claims that Ball's FMIC property insurance policies since 2005 are relevant to determine the extent of prior fires that occurred at Ball, the investigation as to cause and origin of the fires, and what remedial efforts were made or suggested following the fires. Air Tech asserts that the insurance policies may shed light on the cause and origin of the May 2014 fire. However, Ball has indicated that majority of the dates for which Air Tech seeks information fires were not discovered. It has produced copies of the Monticello Fire Department reports, which indicate that only on October 9, 2011, April 3, 2013, and July 11, 2013, small fires were detected.

Additionally, Ball has cited ***Weir v. Crown Equipment Corp.,*** 217 F.3d 453, 457 (7th Cir. 2000), to support its contention that the requested information is not discoverable because the prior incidents are not substantially similar to the fire at issue, and therefore are irrelevant. However, as indicated by Air Tech, this argument is misplaced. Ball has asserted the relevance standard for admissibility, not discovery. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).

Air Tech has argued that "if there were fires at Ball Corporation on the specified dates, and claims were submitted to the insurance, information regarding those claims is relevant to the cause of the fire and resulting damage alleged in the Complaint." However, Ball has indicated that since the fires were so small, they did not result in claims being made to the insurer. Therefore, Ball represents that no claims documents were generated as a result of these incidents. Because Ball has not submitted claims to the insurer, Air Tech's request for insurance policies is **DENIED**.

Next, Air Tech has requested FMIC's underwriting file. Air Tech has indicated that it is seeking the underwriting file pertaining to the risk assessment investigation for the Ball Corporation plant in Monticello, Indiana and the identity of the person who performed the risk analysis. Air Tech has specified that it is seeking information gathered by FMIC as part of its periodic inspection and risk assessments, particularly information pertaining to fire risks and/or the maintenance and repair status of Ball's ovens and related components. Air Tech has argued that since prior fires occurred at the Ball plant, FMIC's inspection and underwriting files are relevant. Moreover, Air Tech has argued that the file is relevant because it may contain information regarding the maintenance history and the condition of Ball's IBOs.

FMIC contends that the request for the entire underwriting file is overbroad and likely will not lead to relevant information. FMIC has indicated that the file contains confidential, proprietary, and trade secret information regarding how FMIC assesses risk and establishes premiums for its customers, which are unrelated to the cause of the fire. Further, FMIC has claimed that it never investigated any prior fires at the Ball plant.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence.  **Federal Rule of Evidence 401.**  The court finds that Air Tech's request for the underwriting file, namely the risk assessment of Ball's Monticello facility and the identity of the person who performed the risk analysis, is facially relevant.  Air Tech's request for FMIC's underwriting file is **GRANTED in part and DENIED in part.**  FMIC is **ORDERED** to produce information contained in the underwriting file that relates to the risk assessment of Ball's Monticello facility and the identity of the individual who performed the risk analysis.  However, FMIC may submit a proposed confidentiality agreement to protect any trade secrets.

Air Tech originally requested "[a]ny and all documents relating to any lawsuits, administrative proceedings, complaints, or notices in which you alleged or asserted that a person or entity negligently rendered services, breached any contractual provision or warranty, or violated any administrative rule or regulation relating to any work or services the persons or entities performed for you."  Ball has argued that Air Tech's request for prior claims is overboard given the capacity of the corporation.  Ball has indicated that it is a global manufacturer of plastic and metal beverage containers, as well as a manufacture of equipment and supplier of services to the aerospace industry.

In its reply, Air Tech revised its request regarding prior claims and lawsuits to include:

> All documents within the last ten years relating to any lawsuits, administrative proceedings, complaints, or notices in which Ball Corporation of Monticello, Indiana alleged or asserted that persons or entities negligently rendered services, breached any contractual provision or warranty, or violated any administrative rule or regulation relating to any work or services the persons or entities performed for Ball Corporation of Monticello, Indiana, with respect to installation, maintenance, repair, examination, inspection, testing, alteration, modification, or retrofitting of any of Ball Corporation's Industrial Bake Ovens.

Under **Federal Rule of Evidence 404(b),** evidence of prior lawsuits may not be admissible to show Ball's propensity to file lawsuits. However, Air Tech has argued that such evidence may be admissible for other purposes, such as proof of a plan, scheme, motive, pattern, or lack of accident. **Federal Rule of Evidence 404(b)(2).** Since Air Tech's revised request is related to the subject matter at issue in this case, the court **GRANTS** Air Tech's request.

Finally, Air Tech has argued that FMIC's privilege log is insufficient because the subject matter descriptions are cryptic and do not enable its counsel to assess FMIC's privilege claim. **Federal Rule of Civil Procedure 26(b)(5)(A)** provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

For each document listed on the privilege log, FMIC should include: (1) the name and job title or capacity of the author(s)/originator(s); (2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party; (3) a general description of the document by type (*e.g.,* letter, memorandum, report); (4) the date of the document; and (5) a general description of the subject matter of the document. *In re Bridgestone/Firestone, Inc., ATX, ATX II,* 129 F.Supp.2d 1207, 1218–19 (S.D. Ind. 2001).

The court finds that FMIC's privilege log contains general descriptions that are deficient. For example, FMIC has included descriptions like "Email with attachments A-B to letter (FMIC 0001140)." The court agrees with Air Tech's argument that these descriptions fail to provide a general description of the subject matter and therefore do not allow counsel to assess the privilege claim. The court **ORDERS** FMIC to supplement its privilege log to conform with Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

Air Tech has requested fees, costs, and expenses associated with this discovery dispute. "The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B Federal Practice and Procedure Civil* § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that its position was substantially justified. *Rickels*, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. **Federal Rules of Civil Procedure 37(a)(3)(B), (a)(4), (a)(5)**; *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See* *Stookey v. Teller Training Distribs., Inc.*, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)**. In addition, Federal Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." *Musser v.Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir.2004); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998); *Engel v. Town of Roseland*, 2007 WL 2903196, at *6 (N.D. Ind. Oct. 10, 2007).

Under **Federal Rule of Civil Procedure 37(a)(5)(C),** if a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Noting that motion has been granted in part and denied in part, the court will not apportion reasonable expenses for this motion. Air Tech's request for fees, costs, and expenses associated with this discovery dispute is **DENIED**.

Based on the foregoing, the court **GRANTS in part and DENIES in part** the Motion to Compel Discovery [DE 38] and **ORDERS** the plaintiffs to supplement their responses, as detailed above, within 14 days of this order. The court further **ORDERS** FMIC to supplement its privilege log within 14 days of this order.

ENTERED this 7th day of February, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge