UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

BALL CORPORATION, an Indiana )
Corporation and FACTORY MUTUAL )
INSURANCE COMPANY, a Rhode )
Island Corporation, as subrogee, )
                                                         )
            Plaintiffs, )
                                                         )
            v. )           Case No. 4:16-cv-42
                                                         )
AIR TECH OF MICHIGAN, INC., )
a Michigan corporation, )
                                                         )
            Defendant. )

**OPINION AND ORDER**

This matter is before the court on the Motion for Protective Order [DE 73] filed by the plaintiff, Factory Mutual Insurance Company, on August 22, 2018, and the Motion for Protective Order [DE 74] filed by the plaintiff, Ball Corporation, on August 22, 2018. For the following reasons, the Motion for Protective Order [DE 73] is **GRANTED in part and DENIED in part,** and the Motion for Protective Order [DE 74] is **GRANTED in part and DENIED in part.**

*Background*

This matter arose from a fire that occurred at a can manufacturing plant owned by the plaintiff, Ball Corporation, and that was insured by the plaintiff, Factory Mutual Insurance Company. The defendant, Air Tech of Michigan, Inc., was hired by Ball as an independent contractor to clean Internal Bake Oven No. 2. The plaintiffs have alleged that on May 22, 2014, approximately eight hours after Air Tech cleaned IBO No. 2, a fire ignited in IBO No. 2 and the attached ductwork. The plaintiffs have claimed that Air Tech breached its contract and that it was negligent by failing to properly clean IBO No. 2.

Air Tech served deposition notices on FMIC and Ball pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition notice to FMIC contains 18 separate topics on which a corporate representative is expected to testify. FMIC has argued that the notice fails to comply with Rule 30(b)(6) because the topics do not describe the subject matter with "reasonable particularity." Additionally, FMIC has argued that the notice violates Federal Rule of Civil Procedure 26(c)(1) because the designated topics apply to all of Ball's facilities world-wide and the time frame for which information is sought is unreasonable. FMIC has requested the entry of a Protective Order: (1) to limit the time period to a reasonable period before the fire; (2) to limit the geographic scope to only the Monticello plant; (3) and to require Air Tech to more precisely define the subject matter on which the witness is expected to testify.

The notice to Ball contains 47 separate topics on which a corporate representative is expected to testify. Ball has argued that the Rule 30(b)(6) notice does not set forth the subject matter that the witness is expected to testify with "reasonable particularity," as well as violating Rule 26(c)(1). Ball contends that the notice is not limited in time and geographic scope, seeks information that other witnesses had testified to in prior depositions, and seeks information that can be provided by other less burdensome and costly discovery devices. Therefore, Ball has requested the entry of a Protective Order: (1) to limit the time period to a reasonable period before the fire; (2) to limit the geographic scope to only the Monticello plant; (3) to exclude subject matters that other witnesses have testified to in earlier depositions or have been provided in response to written discovery; and (4) to require Air Tech to more precisely define the subject matter on which the witness is expected to testify.

Air Tech filed a separate response in opposition to the motions on August 22, 2018. FMIC and Ball filed their replies on September 18, 2018. The parties have tried to resolve these

disputes pursuant to Local Rule 37-1. Despite being able to resolve some of the objections to the deposition notices, the parties were unable to agree on all the objections preventing any further modifications to the notices.

*Discussion*

**Federal Rule of Civil Procedure 30(b)(6),** which addresses depositions directed to an organization, provides that the deposition notice must "describe with reasonable particularity the matters for examination," after which the organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." The organization then is responsible for preparing the designated individual for the deposition as that person "must testify about information known or reasonably available to the organization." **Rule 30(b)(6).** Rule 30(b)(6) depositions are limited by the scope of discovery in **Federal Rule of Civil Procedure 26(b)(1),** which allows discovery on any "nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Under Rule 26(b)(1), all discovery, including Rule 30(b)(6) depositions, is subject to the limitations on discovery imposed by **Federal Rule of Civil Procedure 26(b)(2)(C),** which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 30(b)(6) deposition notices also may be subject to a protective order at the request of the party from whom discovery is sought if the court determines that the standard set forth in **Federal Rule of Civil Procedure 26(c)(1)** is met:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;....

The burden is on the party seeking the protective order to demonstrate that good cause exists for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

Many of the topics listed by Air Tech in the deposition notices to FMIC and Ball do not contain a specified time frame. Air Tech has agreed to limit the topics to a period beginning no earlier than 1999. Yet, the plaintiffs contend that the relevant period of inquiry is ten years prior to the fire. The court, previously in its Opinion and Order on Air Tech's motion to compel, limited the time frame for discovery to ten years prior to the fire. The court found, "[g]iven that the plaintiffs are alleging $12 million in losses, records dating back ten years are proportional to the needs of this case." Therefore, the court will adopt the same ten-year period for purposes of the Rule 30(b)(6) depositions.

Next, the plaintiffs request that the court limit the geographic scope of the topics to Ball's Monticello plant. Air Tech has agreed to limit some topics to the Monticello plant. The plaintiffs contend that Ball is a global manufacturer of plastic and metal beverage containers, as well as a manufacture of equipment and supplier of services to the aerospace industry. It has over 100 locations worldwide and employs 18,450 workers. Therefore, the plaintiffs have argued that the time and expense of preparing witnesses to answer questions on Air Tech's remaining deposition topics would be burdensome and possibly would result in over 100 additional witnesses being deposed. The court agrees, and therefore limits the scope of the deposition notices to only the Monticello plant.

Topic 1 of the deposition notice to FMIC requests testimony on the FMIC May 23, 2014 Fire Loss Report and Fire Loss Event Worksheets concerning Ball's Monticello facility. FMIC has argued that the individuals who authored the May 23, 2014 Loss Report should testify in their individual capacities pursuant to Rule 30(b)(1). FMIC asserts that the individuals who authored the Loss Report would provide the best evidence of the Report's content. *See* ***Gossar v. Soo Line R. Co.,*** 2009 WL 3570335, at *6 (S.D. Ind. 2009) ("Plaintiffs may depose crew

members, and the employees' testimony about a particular incident (including what individual employees reported about the incident) is the best evidence of the facts surrounding the incident. Requiring a corporate representative to testify as to this information would be unduly duplicative."). Air Tech contends that FMIC is not entitled to unilaterally decide which discovery tools it must use. Thus, Air Tech has indicated that while the individuals identified by FMIC may be the most suitable Rule 30(b)(6) designees, it is not required to proceed under Rule 30(b)(1) simply because FMIC prefers that arrangement.

Courts recognize that, because of the unique nature of Rule 30(b)(6) testimony, other forms of discovery typically would not be an adequate substitute. **1 Federal Rules of Civil Procedure, Rules and Commentary Rule 30 (Gensler 2018).** A deposition of an individual is not the equivalent of a deposition of an organization under Rule 30(b)(6). ***DSM Desotech Inc. v. 3D Systems Corp.***, 2011 WL 117048, at *10 (N.D. Ill. 2011). A Rule 30(b)(6) witness may "testify not only to matters within his personal knowledge but also to 'matters known or reasonably available to the organization.'" ***PPM Finance, Inc. v. Norandal USA, Inc.***, 392 F.3d 889, 894–95 (7th Cir. 2004) (quoting **Rule 30(b)(6)**). Therefore, FMIC must designate a person with knowledge whose testimony will be binding on FMIC pursuant to Rule 30(b)(6) to testify on Topic 1.

Topics 2, 3, and 5-8 request a corporate representative(s) to offer testimony on the Risk Reports (Topics 2-3), Loss Prevention Reports (Topic 5), COPE Summaries (Topic 6), Field Engineering Summaries (Topic 7), and Situational Analysis (Topic 8) "relating in any way to the Ball Corporation Monticello, Indiana facility prior to May 23, 2014." FMIC has argued that the topics fail to comply with the "reasonable particularity" requirement of Rule 30(b)(6). FMIC asserts that seeking general testimony about the documents produced does not satisfy the

"reasonable particularity" requirement of the Rule. *See Catt v. Affirmative Ins. Co.,* 2009 WL 1228605, at *5 (N.D. Ind. 2009).

FMIC contends that the Reports assess any number of "risks" associated with Ball's manufacturing facility. Thus, it would be unduly burdensome to prepare a witness to testify about every risk, when majority of the risks have nothing to do with the cause or origin of the fire. Air Tech, in its response, has clarified that with the matter being a fire loss, "the Topics seek to explore those processes, risks, and recommendations relating to the potential for fires (and the avoidance of same) at Ball Monticello as referenced in the Risk Reports." Yet, FMIC maintains that even with the more limited scope offered by Air Tech, it still would have to prepare and present a witness to testify about risks that are unrelated to the cause of the fire in the instant matter.

Topic 2 has requested testimony about the investigative and inspection procedures in which FMIC engaged in for purposes of determining risk and preparing the "Risk Reports," that are identified in Topic 3. FMIC has argued that Air Tech's request for testimony on "all risks" is unduly burdensome. Air Tech has indicated that it limits the subject matter for examination in Topic 3 to the potential for fire loss. Additionally, Topic 5, Loss Prevention Reports, are prepared following a plant wide inspection conducted by FMIC for underwriting purposes. Air Tech represents that Loss Reports contain information relating to the risk of ductwork fires. FMIC asserts that Topic 6, Cope Summaries, provide identifications of risks, recommendations to migrate or prevent such risks, and address fire related issues. Also, the Summaries provide additional analytical information. Moreover, Topic 7, Field Engineer Summaries, provide FMIC's opinion whether Ball acted reasonable in avoidance of known risks, including the risk of duct fires. Topic 8, Situational Analysis, are documents prepared to assess the overall risk

7

quality on an account based on specific perils. FMIC has argued that, as written, Topic 8 is open-ended requiring the witness to testify regarding any risk and that many of the risks (flood, wind, earth movement) are not relevant to the instant matter.

Because Topics 2, 3, and 5-8 do not specify what risks Air Tech hopes to solicit testimony about, it has not satisfied the "reasonable particularity" requirement of Rule 30(b)(6). The deposition notice does not include the limiting language, "relating to potential fires," that Air Tech has provided in its response brief. Air Tech's response brief has offered some clarification on the specific risks in each topic that it will likely solicit testimony. However, the notice, as written, seeks general testimony about "all risks" included in documents FMIC produced during discovery. The court finds that given the number of risks addressed in the documents the topics are too broad and are not described with reasonable particularity, and thus are unduly burdensome. Air Tech must amend Topics 2, 3, and 5-8 to state the subject matter for examination with reasonable particularity.

Next, Topic 9, Profitability Analysis, is FMIC's method of assessing or calculating profitability. FMIC contends that its profitability or the profitability of the Ball account is not material to the issues in the present case because it is not seeking damages for lost profits. Additionally, Air Tech has indicated that the profitability analyses looked at the entirety of Ball's company. The court has limited the deposition notices to the Monticello plant. The court finds, given the facts of this case, Topic 9 is not relevant.

Air Tech's deposition notice has requested that Ball designate a corporate representative(s) to testify on 47 different topics. Ball has argued that the topics are not limited in time or geographic scope, and therefore are overbroad. As previously indicated, the court has limited the geographic scope to the Monticello plant. Thus, Topics 8, 10-11, 15, 29-31 are

limited to Ball Monticello. Also, Air Tech in its deposition notice to Ball failed to specify a stated time frame for Topics 7-11, 14-27, 33, 35-40. The court has found that given "the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," ten years prior to the fire is an appropriate time period. However, Topic 27 requests testimony on prior fire events before May 23, 2014. The court limits this request to ten years prior to the fire, but as agreed by Ball, allows Air Tech to inquire into fires that occurred at other similar Ball facilities (metal beverage product plants). However, the court will not go as far as to limit the request to the same manufacturer as the oven where the fire started in the instant matter.

Additionally, Ball has argued that Topics 6, 29-31, 35-40 fail to comply with the "reasonable particularity" requirement of Rule 30(b)(6). Ball objects to Topic 6, the IBO Operators Manual. Ball has argued that the notice has failed to specify what "various provisions" of the Operators Manual that the witness should be prepared to testify. Air Tech has indicated that it is willing to limit the scope of Topic 6 to IBO No. 2. The court finds that Air Tech, by limiting Topic 6 to IBO No. 2, has specified with reasonable particularity the subject matter for examination.

Topics 35-40 request testimony on the Risk Reports, Loss Reports, Loss Prevention Reports, Cope Summaries, Field Engineer Summaries, and Situational Analysis. As the court indicated above, Air Tech has not specified the subject matter of Topics 35-40 with reasonable particularity. The notice seeks general testimony about documents produced during discovery,

and thus is unduly burdensome.  Air Tech should narrow Topics 35-40 to the specific areas and/or specific risks found in the Reports/Summaries that may be relevant to the instant matter.

Next, Ball has argued that Topics 1-13, 15, 16, and 22-27 have been addressed by other witnesses in prior depositions and/or by documents produced in discovery.  Therefore, it is Ball's contention that these requests are cumulative and duplicative of prior testimony.  The court is directed to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  **Federal Rule of Civil Procedure 26(b)(2)(C)(i).**

Air Tech asserts that the individuals who have testified are neither parties to this litigation nor has Ball stipulated that they were testifying on its behalf.  However, Air Tech indicated that if Ball was willing to stipulate that certain individuals were authorized to give testimony on behalf of Ball and bind Ball to that testimony pursuant to Rule 30(b)(6) it would withdraw or limit certain topics.  Ball has not indicated that it is willing to make that stipulation.

"[T]here is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent." ***Alloc. Inc. v. Unilin Decor N.V.,*** 2006 WL 2527656, at *2 (E.D. Wis. 2006) (rejecting a party's attempt to designate prior deposition testimony given by individuals as testimony under Rule 30(b)(6)).  Because depositions given by individuals on their own behalf and depositions given by organizations' designees are qualitatively different, proposed depositions under Rule 30(b)(6) are not duplicative and will not violate the proportionality requirement of Rule 26. ***Babjak v. Arcelormittal USA, LLC,*** 2016 WL 4191050, at *1 (N.D. Ind. 2016).  Thus, Ball is not relieved of its Rule 30(b)(6) obligations and must designate a corporate representative(s) to testify to Topics 1-13, 15, 16, and 22-27.

Additionally, Ball has argued that Topics 1-8, 11, 15, 27-31, 35-40 regarding the operation, service, and maintenance of other IBO's at the Monticello plant and other Ball facilities are neither relevant nor likely to lead to relevant information. Ball contends that the other IBOs are not sufficiently similar in design to IBO No. 2. Air Tech has limited Topics 3, 4, and 6 to pertain to only IBO No. 2. Air Tech asserts that the Ball Monticello IBOs were connected to the same network of exhaust ducts and that there is some dispute about whether the fire may have a cause and origin in the ductwork. The court has limited the scope of the Rule 30(b)(6) deposition notices to the Monticello Plant. However, as for the remaining topics that Air Tech has not agreed to limit to IBO No. 2, Air Tech may seek testimony on the other IBOs at the Monticello plant.

Topics 14 and 17-20 address the fire protection and sprinkler system at the Monticello plant. Ball has indicated that the Monticello Fire Department stated that the sprinkler system operated as intended on the day of the fire. Therefore, Ball has argued that Topics 14 and 17-20 are not relevant to the instant matter. However, Air Tech represents, pursuant to the Loss Reports provided by FMIC, the sprinkler heads were coated with the accumulation of combustible deposits and that the deposits delayed response time and further disrupted the normal spray patterns. Therefore, Air Tech is permitted to explore these topics.

As for Topic 28, Ball contends that it cannot produce a witness on a subject that does not exist. Air Tech requests testimony on the emergency response team or emergency response plan. However, Ball has produced a copy of its "emergency contingency plan." Thus, Ball has agreed to produce a witness to testify pursuant to Rule 30(b)(6) provided that Air Tech revises Topic 28 to reflect the "emergency contingency plan."

Based on the foregoing, reasons, the Motion for Protective Order [DE 73] is **GRANTED in part and DENIED in part,** and the Motion for Protective Order [DE 74] is **GRANTED in part and DENIED in part**.

ENTERED this 24th day of January, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge